## Case No. 17,581.

### In re WHITNEY.

[18 N. B. R. 563.] [1]

District Court, S. D. New York. Jan. 9, 1879.

BANKRUPTCY—STAY OF PROCEEDINGS—REMEDY BY ARREST.

1. A stay of proceedings, subsequent to final judgment, for the purpose of putting in motion the remedy of arrest which is reserved to the creditor, is not allowable under sections 5106, 5107, Rev. St. U. S.

[Cited in Re Pitts, Case No. 11,190.]

2. Prior to the commencement of the proceedings in bankruptcy, a surrogate's decree was docketed against the bankrupt for the payment of moneys misappropriated by him as administrator, and an appeal taken from a decision of the surrogate refusing an application for a commitment of the bankrupt for failure to pay. Upon such appeal, pending the bankruptcy proceedings, the decision of the surrogate was reversed, and the proceedings remitted to him, to enforce the proper remedy against the person of the bankrupt. *Held*, that the proceedings could not be stayed, under section 5106, so as to prevent an application to the surrogate for a commitment.

[In the matter of Oliver B. Whitney, a bankrupt.]

Bernard & Fiero, for the motion.
Chas. A. Fowler, for the bankrupt.

CHOATE, District Judge. This is a motion to vacate or modify a stay of proceedings. The creditor, Townsend, is the owner, by assignment, of certain claims against the bankrupt for moneys received by him as administrator, and which he has misappropriated, for the payment of which a final decree was entered by the surrogate, which decree has been docketed and an execution issued thereon returned unsatisfied. The surrogate, on the 7th of May, 1878, refused the petitioner's application for a commitment of the bankrupt for failure to pay said moneys, on the ground that the claim was merged in a judgment recovered by her against the administrator and his sureties on his administrator's bond. She appealed to the general term of the supreme court, and on the 19th of September, 1878, the decision of the surrogate was reversed, and the proceeding was remitted to the surrogate for the enforcement of the proper remedy against the person of the bankrupt. Thereupon the bankrupt appealed to the court of appeals, where the judgment of the supreme court was affirmed. The debtor's petition in bankruptcy was filed August 31, 1878, pending the first appeal. On the 13th of December, 1878, on affidavit by the bankrupt that the proceeding sought to be stayed was on a provable debt, this stay was granted. The proceedings before the surrogate prior to the application for a commitment were equivalent to a final judgment for these moneys, and what the judgment creditor now seeks to do is to obtain from the surrogate the order for the commitment of the bankrupt which the surrogate before refused, and to proceed on that to his arrest. If

[1] [Reprinted by permission.]

the order of arrest had been actually procured before the bankruptcy, and were now in force, the arrest would not be enjoined or discharged, because the debt was clearly one, as the state supreme court and court of appeals have held, created by the defalcation of the bankrupt while acting in a fiduciary character, and therefore not dischargeable in bankruptcy. The finding of the state court thereon is conclusive in this court. It has been held that whether a debt is dischargeable or not, proceedings will be stayed pending the application for a discharge, if the debt is provable (In re Rosenberg [Case No. 12.054]), and this claim is clearly provable. But the question now raised is, whether, under section 5106, the proceedings should be stayed, so as to prevent an application to the surrogate for a commitment. That section forbids the carrying-out of any suit to final judgment pending the question of the discharge. It seems that where the suit has already proceeded to final judgment before the bankruptcy, this section does not authorize the stay of proceedings to enforce that judgment against the person of the bankrupt by arrest, where the arrest is not forbidden by section 5107, and I think that a fair construction of the two sections does not allow a stay of a proceeding, subsequent to final judgment, for the purpose of putting in motion the remedy of arrest which is reserved to the creditor. Proceedings subsequent to final judgment, which would operate to affect the property of the bankrupt, are stayed upon a different principle, and to prevent interference with his estate, to which creditors, through the assignee, are entitled. See In re Vogel [Id. 16.983].

Stay modified, so that it shall not prevent proceedings upon the basis of the surrogate's decree for commitment and arrest of the bankrupt.

WHITNEY, In re. See Case No. 4,672.

WHITNEY (ALBERS v.). See Case No. 137.

## Case No. 17,582.

### WHITNEY v. ARTHUR.

[Cited in Birtwell v. Saltonstall, 39 Fed. 384, and referred to in executive document No. 22, p. 52, 47th Cong. U. S. Nowhere reported; opinion not now accessible.]

WHITNEY (BENTON v.). See Case No. 1,-335.

WHITNEY (BLANCHARD v.). See Case No. 1,519.

## Case No. 17,583.

### WHITNEY v. CARTER.

[Fess. Pat. 130.]

Circuit Court, D. Georgia. 1810.

PATENTS—WHAT IS PATENTABLE—EFFECT OF IMPROVEMENTS—WHITNEY COTTON GIN.

[1. A patent is not grantable for a principle merely, but only for an application of a prin-